1.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LAVELL HARRIS, | Case No. 19-cv-03317-SI |
| Petitioner, | |
| v. | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| PEOPLE OF THE STATE OF CALIFORNIA, | Re: Dkt. Nos. 1, 2 |
| Respondent. | |

James L. Harris, also known as Smiley J. Harris, filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge a 2019 conviction from Lake County Superior Court. His petition is now before the court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

Harris' petition for writ of habeas corpus provides the following procedural information: Harris was convicted of a violation of California Vehicle Code "§ 14601.2(a) with priors." Docket No. 1 at 2. That section imposes penalties for driving when one's driving privilege is suspended or

revoked. Harris received a one-year sentence on March 28, 2019, for the offense. *Id.* at 1. He appealed unsuccessfully and filed unsuccessful petitions for writ of habeas corpus in state court before filing this action.

Harris asserts two claims in his federal petition for writ of habeas corpus. First, he claims that the entry of judgment in his criminal case "is void based upon a lack of subject-matter and in personam jurisdiction." Docket No. 1 at 7. For supporting facts, he states the following: (1) he voluntarily surrendered his driver's license in 2000 "thereby severing his ties to the California Department of Motor Vehicles"; (2) in 2005, he recorded an oath of allegiance to uphold the Constitution of the California State Republic, a declaration of his citizenship of California, and a "'revocation of power of attorney' revoking the presumption of authority assumed in petitioner/defendant's possession of a Social Security number"; (3) his demurrer and motion to dismiss in the criminal case were denied in 2019; and (4) the superior court entered a "not guilty" plea for him when he "entered 'no plea'" as his plea at the arraignment. Docket No. 1 at 7.

Second, Harris claims that his "conviction is collaterally estopped/procedurally barred under the principles of res judicata 'claim' preclusion." Docket No. 1 at 7. In support of this claim, he states that he was acquitted in 2005 on a charge of driving without a license, *see* Cal. Veh. Code § 12500(a), which he contends resulted in a final decision "creating the procedural bar on all subsequent 'claims' that petitioner/defendant was the 'person' identified in the Vehicle Code." Docket No. 1 at 7. He raised this argument unsuccessfully in his demurrer and motion to dismiss that were denied by the superior court. *Id.*

The petition must be dismissed because it does not assert that there has been a violation of the "Constitution or laws or treaties of the United States," 28 U.S.C. § 2254(a), as is necessary for this court to have jurisdiction over a petition for writ of habeas corpus. Insofar as Harris is attempting to allege violations of California law, those claims cannot be entertained in a federal habeas petition because "it is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts." *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010). The Supreme Court has repeatedly held that federal habeas writ is unavailable for violations of state law or for alleged error in the interpretation or application of state law. *See Swarthout v.*

2

*Cooke*, 562 U.S. 216, 219 (2011); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Setting aside for a moment the fact that the petition does not allege a violation of a right under the Constitution or laws or treaties of the United States, there is a more fundamental problem with the petition: the allegations of the petition make no sense. The nonsensical theories of relief are not made any more coherent by the petition's inclusion of lists of dozens of cases that purportedly support the claims. *See* Docket No. 1 at 9-12.

The petition for writ of habeas corpus is dismissed because it is legally frivolous. *Cf. Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (a claim is frivolous if it is premised on an indisputably meritless legal theory or is clearly lacking any factual basis). Out of an abundance of caution, the court grants leave to amend so that Harris may file an amended petition to attempt to present claims for violation of his rights under the Constitution or laws or treaties of the United States. Any claim asserted in the amended petition must have a coherent statement of facts showing the violation of Harris' rights under the Constitution or laws or treaties of the United States.

The amended petition also must identify a proper respondent. The proper respondent is the "'state officer having custody'" of the petitioner. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (quoting Rule 2(a) of the Rules Governing Habeas Corpus Cases Under Section § 2254).

For the foregoing reasons, the petition for writ of habeas corpus is DISMISSED WITH LEAVE TO AMEND. Harris must file an amended petition no later than **October 25, 2019**, curing the deficiencies identified in this order. Failure to file the amended petition by the deadline will result in the dismissal of this action.

Harris' application to proceed *in forma pauperis* is GRANTED. Docket No. 2.

**IT IS SO ORDERED**.

Dated: September 23, 2019

SUSAN ILLSTON
United States District Judge